IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Lamont Raphael Briggs, ) | |
| ) | No.: 1:14-cv-4448-RMG |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Warden, Perry Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 22), recommending that Respondent's Motion for Summary Judgment (Dkt. No. 15) be granted and the habeas petition be dismissed. For the reasons stated below, the Court **ADOPTS** the R & R, **GRANTS** Respondent's Motion for Summary Judgment, and **DISMISSES** the habeas petition.

## I. Background

In March of 2006, a Grand Jury indicted Petitioner for murder and possession of a firearm during the commission of a violent crime. (Dkt. No. 14-1 at 327-28). The jury found Petitioner guilty as charged (*id.* at 239), and Petitioner appealed his convictions to the South Carolina Court of Appeals (Dkt. No. 14-4). On appeal, Petitioner argued that the trial judge "committed reversible error by charging the jury that [Petitioner] may have had a duty to retreat before acting in self-defense." (Dkt. No 14-4 at 4). The Court of Appeals affirmed the convictions and remitted the matter in September of 2008. (Dkt. Nos. 14-6 & 14-7).

On January 12, 2009, Petitioner filed an application for post-conviction relief ("PCR") raising claims of ineffective assistance of counsel and prosecutorial misconduct. On December

1

18, 2012, the PCR court dismissed Petitioner's application in its entirety. (Dkt. No. 14-1 at 318–26).

Petitioner timely filed a notice of appeal, and filed a petition for writ of certiorari in the South Carolina Supreme Court on July 8, 2013, raising the issue that "[t]rial counsel erred in failing to request a jury charge on the law of involuntary manslaughter in the case because petitioner's trial testimony that 'the gun went off' supported such a charge." (Dkt. No 14-9 at 3). On November 22, 2013, the State filed a motion to remand and request to hold in abeyance (Dkt. No. 14-2 at 22–24), and the South Carolina Supreme Court granted the State's motion on January 6, 2014 (*id.* at 21).

On January 30, 2014, the State filed a Rule 60(b) SCRCP motion asking the PCR court to vacate its final order of dismissal and issue an amended order to address Petitioner's allegation of ineffective assistance of counsel for failure to request a jury charge on involuntary manslaughter. (*Id.* at 17–19). The PCR court filed an amended order of dismissal on February 20, 2014 (*id.* at 3–15), and the South Carolina Supreme Court issued an order denying the petition for writ of certiorari on October 8, 2014 (Dkt. No. 14-11). The South Carolina Court of Appeals remitted the matter on October 24, 2014. (Dkt. No. 14-12).

Petitioner filed this Petition for Writ of Habeas Corpus on November 3, 2014. (Dkt. No. 1-3 at 1). Petitioner raises four grounds for relief: (1) trial counsel was ineffective for failing to request a jury instruction for involuntary manslaughter where Petitioner's trial testimony that "the gun went off" was evidence sufficient to support such a charge; (2) trial counsel was ineffective for failing to object to the Solicitor's improper closing summation that violated Petitioner's right to a fair trial and the State injected highly prejudicial Golden Rule violations into its opening summation that denied his right to a fair trial; (3) trial counsel was ineffective for

failing to object to the trial court's jury instructions on reasonable doubt that shifted the burden in violation of the Due Process Clause when the trial court told the jury to "search for the truth;" and (4) trial counsel was ineffective for failing to object to the trial court's malice instructions that shifted the burden of proof in violation of the due process clause. (Dkt. Nos. 1 at 5-10; 1-1 at 3-10).

The Magistrate Judge found that (a) Grounds 2, 3, and 4 were procedurally barred, and that (b) Grounds 1 was not meritorious in light of the record, and, therefore, Petitioner was not entitled to habeas relief. (Dkt. No. 22). Petitioner filed a timely objection. (Dkt. No. 24).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for

adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## B. Federal Habeas Review

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## C. Habeas Review of Ineffective Assistance of Counsel

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 687-88. Second, the Petitioner must show that "there is a reasonable

4

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

### III. Discussion

#### A. Procedurally Barred Claims – Grounds 2, 3, and 4

A habeas petitioner must exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1). This requires a habeas petitioner to "fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Procedural bypass, sometimes referred to as procedural bar or procedural default, occurs when a petitioner seeking habeas corpus relief failed to the raise the issue asserted in his habeas petition at the appropriate time in state court. Because the petitioner has no further means of raising the issue before the state courts, he is considered to have bypassed his state court remedies and is, thus, procedurally barred from raising the issue in a federal habeas proceeding. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Weeks v. Angelone*, 176 F.3d 249, 272 n.15 (4th Cir. 1999) ("A claim is procedurally defaulted when it is rejected by a state court on an adequate and independent state procedural ground.").

Petitioner did not raise Grounds 2, 3, or 4 in his PCR proceeding. (*See* Dkt. No. 30-27 at 45-53). Accordingly, these issues are procedurally barred from federal habeas review unless Petitioner can show (1) cause for not complying with the state court's procedural rule and actual

prejudice resulting from the alleged constitutional violation or (2) a miscarriage of justice. *E.g., Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

Petitioner objects to the Magistrate Judge's finding that he did not show cause, citing *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to support his objection. (Dkt. No. 24). However, *Martinez* does not apply to Petitioner's case. *Martinez v. Ryan*, 132 S. Ct. 1309, 1319, 182 L. Ed. 2d 272 (2012) (noting that (1) South Carolina is one of the states that appoints counsel for substantial ineffective assistance claims, (2) "[i]t is likely that most of the attorneys appointed by the courts are qualified to perform, and do perform, according to prevailing professional norms; and, [(3)] where that is so, the States may enforce a procedural default in federal habeas proceedings"). Therefore, summary judgment is appropriate.

## B. Merits – Grounds 1

Petitioner's first grounds of relief is that trial counsel was ineffective for failing to request a jury instruction for involuntary manslaughter where Petitioner's trial testimony that "the gun went off" was evidence sufficient to support such a charge. (Dkt. No. 1-1 at 3) Petitioner did not raise any objections to the Magistrate Judge's finding that his first grounds of relief lacked merit because the statement did not support the jury charge as a matter of law. The Court finds that the Magistrate Judge ably and thoroughly summarized the factual and legal issues and appropriately found that Petitioner's first grounds for relief failed to meet the *Strickland* and § 2254(d) standards. Accordingly, the Court adopts the Magistrate Judge's finding on this issue as its own.

## IV. Conclusion

The Court **ADOPTS** the R & R (Dkt. No. 22), **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 15), and **DISMISSES** the habeas petition.

6

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October 23, 2015
Charleston, South Carolina

7